**J. Asuncion Urbina CORREA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72869.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Asuncion Urbina Correa, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Patricia A. Smith, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

J. Asuncion Urbina Correa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision pretermitting his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's continuous physical presence determination. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review de novo claims of constitutional violations. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's determination that Urbina Correa did not meet the continuous physical presence requirement where he testified that he departed the United States for eight months in 1992. *See* 8 U.S.C. § 1229b(d)(2) (departure for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days breaks continuous physical presence).

Urbina Correa's equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'") (citation omitted). Urbina Correa's due process challenge based on NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting due process challenge because petitioner failed to demonstrate he was deprived of a qualifying liberty interest).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Urbina Correa's contention that the streamlined BIA decision violates his constitutional rights is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

Urbina Correa's remaining contentions are not supported by the record, because the IJ did not make any findings regarding credibility or hardship.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.